UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PENELOPE EDWARDS-CONRAD,

        Plaintiff,

vs.                                              Case No.  3:13-cv-260-J-25MCR

SOUTHERN BAPTIST HOSPITAL OF
FLORIDA, INC., et al.,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Quash Service of Process (Doc. 3) filed March 11, 2013.  On April 2, 2013, *pro se* Plaintiff filed a Response in Opposition to Defendants' Motion (Doc. 9).  Accordingly, this matter is now ripe for judicial review.

On February 15, 2013, Plaintiff initiated the instant action against Defendants in the Circuit Court in and for Nassau County, Florida, alleging violations of the Americans with Disabilities Act of 1990, codified at 42 U.S.C. § 12101, et seq.[1]  Plaintiff's Petition was removed to this Court on March 11, 2013 and an Amended Petition was filed on April 2, 2013 (Doc. 8).

Plaintiff's initial Petition was served via regular United States mail and facsimile on Defendants.  This is improper.  Because Plaintiff is proceeding *pro se,* the

---

[1] According to Defendants, they are improperly identified in the current case caption. Defendant Lyerly's full legal name is "Lyerly Baptist, Inc.," and Defendant Baptist Medical Center, Jacksonville, Florida is an inaccurate trade name of "Southern Baptist Hospital of Florida, Inc."

undersigned will provide further instruction regarding service; however, the Court notes that it is Plaintiff's responsibility to ensure compliance with the Federal Rules of Civil Procedure, and failure to timely or otherwise properly perfect service of process may result in the dismissal of a case in its entirety.  The Clerk's Office will mail to Plaintiff a blank summons for each listed defendant.[2]  Plaintiff should complete a summons for each of the listed defendants and return it to the Clerk's Office to be issued.  Once the summonses are issued, Plaintiff is responsible for having them properly served upon each defendant,[3] along with a copy of the Amended Petition.[4] Once service has been executed, Plaintiff shall file the executed Return of Service for each defendant.

Under Federal Rule of Civil Procedure 4(e)(2), proper service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir.1991) (quotation omitted).

Accordingly, after due consideration it is

---

[2]  According to Defendants, a summons has not yet been issued.

[3]  "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).

[4]  "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

**ORDERED:**

1.      Defendants' Motion to Quash Service of Process (Doc. 3) is **GRANTED**. On or before **Thursday, April 18, 2013,** Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon each defendant.[5]

2.      The Clerk is directed to furnish Plaintiff with a Step By Step Guide to Filing a Civil Action in the United States District Court Jacksonville Division.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of April, 2013.

Copies to:

Counsel of Record
*Pro Se* Plaintiff

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[5]      Failure to do so or to show good cause for failing to do so with respect to any defendant will result in the dismissal of that defendant from this action without further notice.