UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PENELOPE EDWARDS-CONRAD,

        Plaintiff,

vs.                                              Case No.  3:13-cv-260-J-25MCR

SOUTHERN BAPTIST HOSPITAL OF
FLORIDA, INC., et al.,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Vacate or Amend Order (Doc. 11) filed April 22, 2013.  Defendants filed a Response in Opposition to Plaintiff's Motion on May 1, 2013 (Doc. 13).  Accordingly, this matter is now ripe for judicial review.

On February 15, 2013, Plaintiff Penelope Edwards-Conrad, M.D., commenced this action against Defendants in the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida.  Plaintiff sent her Petition to Defendants via United States mail and facsimile on February 18, 2013.  (Doc. 1).  Based on Plaintiff's failure to properly effect service, Defendants filed their Notice of Special Appearance and Motion to Quash for Insufficiency of Process on March 8, 2013 (Doc. 3), and thereafter removed the case to this Court on March 11, 2013.  (Doc. 1).

On April 4, 2013, the undersigned granted Defendants' Motion to Quash, providing detailed instructions for Plaintiff as to how to perfect service.  (Doc. 10).  In the

-1-

Court's Order, it gave Plaintiff until April 18, 2013 to provide the Court with certification of service and documents reflecting proper, completed service upon each defendant. (Id.).

To date, Plaintiff has not provided this Court with certification of service. Instead, on April 17, 2013, Plaintiff faxed to the Court and Defense counsel (with a copy by Certified mail) a "Waiver of the Service of Summons" form for each Defendant, which she herself completed. (Doc. 12). Simultaneously, Plaintiff faxed her Petition to Vacate or Amend Order to the Court and Defendants' counsel, asking this Court to waive the service requirements under the Federal Rules of Civil Procedure. (Doc. 11). These documents were subsequently filed by the Court on April 22, 2013.[1]

Rule 4 of the Federal Rules of Civil Procedure provides that "[t]he plaintiff may ... request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). When applied to a corporate defendant, the plaintiff's request must: (1) be in writing and addressed to an officer, managing general agent, or other agent authorized to receive service of process; (2) name the court where the complaint is filed; (3) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; (4) inform the defendant of the consequences of not waiving service; (5) state the date the request was sent to the defendant; and (6) be sent via first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1)(A)-(G).

---

[1] The undersigned notes that the facsimile cover sheet states that they had also been faxed to "Mr. Henrichsen" at "904-381-8191." To the Court's knowledge, Mr. Henrichsen does not represent Dr. Edwards-Conrad.

Here, Plaintiff did not comply with Rule 4(d)'s requirements.  Specifically, Plaintiff did not send to an officer or agent of Defendants a waiver request with the requisite forms and a copy of the Amended Petition, or prepaid means for returning the waiver forms.  Plaintiff also did not inform Defendants of the consequences of not waiving service, or identify the date a "request" was sent to Defendants, as no request was sent at all.  Instead, Plaintiff faxed to Defendants' counsel (with a copy by certified mail) and the Court two waiver forms she completed herself, while simultaneously faxing her Petition to Vacate or Amend Order.  (Docs. 11–12).

Rule 4(d)(1) of the Federal Rules of Civil Procedure provides the mechanism and procedure for requesting a waiver of service of process.  Fed. R. Civ. P. 4(d)(1)(A)–(G).  District Courts in the Eleventh Circuit have held that plaintiffs must comply with the requirements of Rule 4 regarding service and waiver, and compliance cannot be excused even where a plaintiff is proceeding *pro se.*  See Hankins v. Dean of Communications, Valencia College, 2012 WL 7050630 (M.D. Fla. 2012); Archie-Burch v. Solvern Innovations, 2011 WL 644198 (S.D. Ga. 2011).

Thus, Plaintiff's Motion to Vacate or Amend Order should be denied because Plaintiff has not perfected service of process on Defendants, and has not properly requested a waiver of service.  However, the Court will allow *pro se* Plaintiff an additional attempt to perfect service, or properly request waiver of service.

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion to Vacate or Amend Order (Doc. 11) is **DENIED.**  On or before **Wednesday, May 29, 2013,** Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service upon each defendant.[2]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  15th  day of May, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[2] Failure to do so or to show good cause for failing to do so with respect to any defendant may result in the dismissal of that defendant from this action.